# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| SHERROD BROWN, JON OSSOFF, ROY COOPER, and KRISTEN MCDONALD RIVET,<br><br>    Petitioners,<br><br>        v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, UNITED STATES OF AMERICA,<br><br>    Respondents. | Case No. |

## PETITION FOR REVIEW

Pursuant to 5 U.S.C. §§ 702–704, 706, 47 U.S.C. § 402(a), 28 U.S.C. § 2342(1), and Rule 15(a) of the Federal Rules of Appellate Procedure, Senator Sherrod Brown, Senator Jon Ossoff, Governor Roy Cooper, and Representative Kristen McDonald Rivet ("Petitioners") hereby petition the Court for review of the Federal Communications Commission Media Bureau's March 30, 2026, Public Notice providing Guidance on Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All Authorized Committees, DA 26-300 (the "LUC Guidance"), and of the Federal Communications Commission's constructive denial of Petitioners' Application for Review of the same, Submission

1

ID #1042946726635 (Apr. 29, 2026). A copy of the LUC Guidance is attached as Exhibit A. A copy of Petitioners' Application for Review is attached as Exhibit B.

This Petition is timely filed under 28 U.S.C. § 2344 and 47 U.S.C. § 155(c)(7), because the sixty-day period under § 2344 has not even begun to run as the FCC has not yet issued a public notice disposing of the Application for Review.

Venue is appropriate in the Fourth Circuit because Petitioner Governor Roy Cooper resides in North Carolina. 28 U.S.C. § 2343.

Petitioners seek relief on the ground that the LUC Guidance is directly contrary to statute. In the Communications Act of 1971, Congress required broadcast stations to provide special low rates—known as "lowest unit charge"—to candidates in the run-up to elections. 47 U.S.C. § 315(b)(1). The statute's plain text entitles only "candidates" to the special rates. Despite this clear text, the LUC Guidance purports to require broadcast stations to offer lowest unit charge to advertising purchased by two categories of non-candidate political committees: (1) party committees engaged in coordinated expenditures and (2) "Joint Fundraising Committees" (JFCs) with candidate and non-candidate committee members.

This guidance directly conflicts with the plain text of the Communications Act. Party-coordinated advertisements do not qualify for lowest unit charge because they involve "use" of a broadcasting station by a party committee, not by "a legally qualified candidate." *Id.* Indeed, if such advertisements did constitute "use" by a

2

candidate, they would be unlawful contributions to the candidate's committee. *See* 52 U.S.C. § 30116(a). Advertisements by JFCs with candidate and non-candidate members are also not entitled to lowest unit charge because, by law, much of the cost of those advertisements is borne by non-candidate members who are not entitled to lowest unit charge. *See* 11 C.F.R. § 102.17(c)(7).

Petitioners also seek relief on the ground that the LUC Guidance is contrary to FCC regulations. Commission regulations implementing the statutory lowest unit charge provision similarly provide that lowest unit charge is available for use by "any person who is a legally qualified candidate for any public office." 47 C.F.R. § 73.1942(a) (emphasis added). Because neither a party committee engaged in coordinated expenditures nor a JFC is a "legally qualified candidate for any public office," they are not entitled to lowest unit charge under FCC regulations.

This Petition for Review is ripe. By "filing" the Application for Review, Petitioners complied with the only statutory "condition precedent to judicial review" of the Media Bureau's guidance. 47 U.S.C. § 155(c)(7). If Congress had wanted to require by statute the complete exhaustion of administrative remedies, rather than mere filing, Congress could easily have said so. Indeed, later in § 155(c)(7), Congress expressly refers to "orders disposing of all applications for review" filed to challenge an exercise of delegated authority like the LUC Guidance, yet the statute never makes the issuance of such orders a "condition precedent" for judicial

review—only the "filing" of the application. Given that Congress required only filing, any further exhaustion requirement is necessarily prudential and judge-created, rather than statutory and mandatory, and therefore subject to equitable exceptions. And here, further exhaustion would be futile and would subject Petitioners to irreparable harm, as absent prompt review the LUC Guidance will force Petitioners to compete in an unlawfully structured competitive environment in their ongoing campaigns. Exhaustion is also unnecessary because the question is a pure question of law.

For similar reasons, the Commission's silence on Petitioners' timely filed Application for Review, which stressed the need for expedited consideration in light of the rapidly approaching election season, amounts to a constructive denial of the Application.

For these and other reasons, this Court should grant the petition; hold unlawful, vacate, enjoin, and set aside the Media Bureau's LUC Guidance and the Commission's constructive denial of Petitioners' Application for Review; and grant such additional relief as may be necessary and appropriate.

Dated: June 19, 2026

Respectfully submitted,

*/s/ David R. Fox*

**ELIAS LAW GROUP LLP**
David R. Fox
Richard A. Medina
Nicole E. Wittstein
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-1135
dfox@elias.law
rmedina@elias.law
nwittstein@elias.law

*Counsel for Petitioners Senator Sherrod Brown, Senator Jon Ossoff, Governor*
*Roy Cooper, and Representative Kristen McDonald Rivet*

# CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2026, I filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system. Service of the foregoing should be

made upon the following parties:

Marlene H. Dortch, Secretary
Federal Communications Commission
USPS Address:
    45 L Street NE
    Washington, DC 20554
Hand, Messenger, or Commercial Overnight Mail Address:
    9050 Junction Drive
    Annapolis Junction, MD 20701

Todd Blanche, Acting Attorney General
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-2000

United States Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
(202) 252-7566

/s/ *David R. Fox*