# Exhibit A

# FC PUBLIC NOTICE

**Federal Communications Commission**
**45 L Street NE**
**Washington, DC 20554**

News Media Information 202-418-0500
Internet: www.fcc.gov
TTY: 888-835-5322

**DA 26-300**
**Released: March 30, 2026**

### FCC MEDIA BUREAU PROVIDES GUIDANCE ON ENTITLEMENT TO LOWEST UNIT CHARGE FOR LEGALLY QUALIFIED CANDIDATES FOR FEDERAL OFFICE AND ALL AUTHORIZED COMMITTEES

With another election season upon us, the FCC's Media Bureau takes this opportunity to remind broadcasters and the public about the FCC's lowest unit charge (LUC) requirements. As discussed below, the LUC requirements are applicable to (1) authorized committees, including authorized committees that engage in joint fundraising with legally qualified candidates for federal office, and (2) advertisements that qualify as coordinated expenditures of political parties and legally qualified candidates for federal office.

Section 73.1942 of the Commission's rules specifies that the charges made for the use of any broadcast station by a legally qualified candidate in connection with their campaign for nomination or election shall not exceed the LUC of the station for the same class and amount of time for the same period during 45 days preceding the date of a primary election and 60 days preceding the date of a general election.[1] Although section 73.1942 makes no reference to a legally qualified candidate's "authorized committee," section 315(b) of the Communications Act of 1934, as amended (Act), which section 73.1942 is intended to implement, repeatedly refers to candidates and their authorized committees as sharing the rights it confers.[2] Accordingly, the FCC has long held that LUC provisions of section 315(b) apply to both candidates and their authorized campaign committees.[3]

To determine what qualifies as an authorized committee, the Commission relies on subsection 315(b)(2)(F) of the Act, which explicitly defines the term "authorized committee" as having the same meaning given to it by the Federal Election Campaign Act (FECA), *i.e.*, the principal campaign committee or any other political committee authorized and designated by a candidate to receive contributions or make expenditures on behalf of such candidate.[4] Additionally, although the FECA generally prohibits the designation as an authorized committee a political committee that supports more

---

[1] 47 CFR § 73.1942(a).

[2] *See* 47 U.S.C. § 315(b).

[3] *See In the Matter of Codification of the Commission's Political Programming Policies*, Memorandum Opinion and Order, 7 FCC Rcd 4611, 4614, para. 23 (1992).

[4] 47 U.S.C. § 315(b)(2)(F) ("authorized committee" has the meaning given such term by section 30101 of title 52"). *See* 52 U.S.C. § 30101(6) (defining the term "authorized committee" to mean "the principal campaign committee or any other political committee authorized by a candidate under section 30102(e)(1) of this title to receive contributions or make expenditures on behalf of such candidate"); 52 U.S.C. § 30102(e)(1) ("Each candidate for Federal office . . . shall designate in writing a political committee in accordance with paragraph (3) to serve as the principal campaign committee of such candidate. . . . A candidate may designate additional political committees in accordance with paragraph (3) to serve as authorized committees of such candidate.").

than one candidate,[5] it provides an exception to allow candidates to designate as an authorized committee a political committee "established solely for the purpose of joint fundraising."[6] The FCC's rules do not recognize distinctions between types of committees for LUC purposes (*e.g.*, principal campaign committee, joint fundraising committee) provided that the committee is an authorized committee of the candidate under the FECA.

We also take this opportunity to restate previous Media Bureau guidance regarding LUC eligibility for candidate-party coordinated ads. Advertising time purchased by political parties as an independent expenditure is not entitled to LUC. These expenditures involve no coordination between the party and a candidate. By contrast, however, candidate-party coordinated advertisements are subject to the LUC provisions, provided that the ad otherwise complies with other applicable requirements in section 73.1942 of the Commission's rules and section 315(b) of the Act.[7]

Stations are always free to request documentation from parties to confirm that an entity purchasing time is eligible to receive LUC.

**-FCC-**

---

[5] 52 U.S.C. § 30102(e)(3)(A).

[6] 52 U.S.C. § 30102(e)(3)(A)(ii).

[7] *See, e.g.*, Colorado II at 1210 ("For example, independent expenditures do not qualify for the lowest rates on the purchase of broadcasting time, as coordinated expenditures would.").