**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Brown v. Federal Communications Commission, No. 26-1785 |
| **Originating No. & Caption** | In re Entitlement to Lowest Unit Charge, DA 26-300 |
| **Originating Court/Agency** | Federal Communications Commission |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC §2342(1) | |
| Time allowed for filing in Court of Appeals | See Ex A | |
| Date of entry of order or judgment appealed | See Ex A | |
| Date notice of appeal or petition for review filed | June 18, 2026 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable?<br>See Ex A | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ◉ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Petitioners seek review of the Federal Communications Commission Media Bureau's March 30, 2026, Public Notice providing Guidance on Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All Authorized Committees, DA 26-300 (the "LUC Guidance"), and of the Federal Communications Commission's constructive denial of Petitioners' Application for Review of the same.

Petitioners seek relief on the ground that the LUC Guidance is directly contrary to statute and FCC regulation because the statute's and regulation's plain text entitles only "candidates" to special "lowest unit charge" rates. See 47 U.S.C. § 315(b); 47 C.F.R. § 73.1942(a). Despite this clear text, the LUC Guidance purports to require broadcast stations to offer lowest unit charge to advertising purchased by two categories of non-candidate political committees: (1) party committees engaged in coordinated expenditures and (2) "Joint Fundraising Committees" (JFCs) with candidate and non-candidate committee members. This guidance directly conflicts with the plain text of the Communications Act and implementing regulations. Party-coordinated advertisements do not qualify for lowest unit charge because they involve "use" of a broadcasting station by a party committee, not by "a legally qualified candidate."

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Whether the FCC Media Bureau's LUC Guidance--and the FCC's constructive denial of Petitioners' Application for Review of the same--is contrary to statute, specfically 47 U.S.C. § 315(b).

2. Whether the FCC Media Bureau's LUC Guidance--and the FCC's constructive denial of Petitioners' Application for Review of the same--is contrary to FCC regulations, specifically 47 C.F.R. § 73.1942(a).

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Federal Communications Commission<br>Attorney: Jacob M. Lewis<br>Address: Federal Communications Commission<br>45 L St NE<br>Washington, DC 20554<br>E-mail: jacob.lewis@fcc.gov<br>Phone: (202) 418-1767 | Adverse Party: United States of America<br>Attorney: Todd Blanche, Acting Attorney General<br>Address: United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>E-mail:<br>Phone: (202) 514-2000 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party:<br>Attorney:<br>Address:<br>E-mail:<br>Phone: | Adverse Party:<br>Attorney:<br>Address:<br>E-mail:<br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Sherrod Brown<br><br>Attorney: David R. Fox<br>Address: Elias Law Group LLP<br>250 Massachusetts Ave. NW, Suite 400<br>Washington, DC 20001<br><br>E-mail: dfox@elias.law<br><br>Phone: (202) 968-1135 | Name: Jon Ossoff<br><br>Attorney: David R. Fox<br>Address: Elias Law Group LLP<br>250 Massachusetts Ave. NW, Suite 400<br>Washington, DC 20001<br><br>E-mail: dfox@elias.law<br><br>Phone: (202) 968-1135 |
| **Appellant (continued)** | |
| Name: Roy Cooper<br><br>Attorney: David R. Fox<br>Address: Elias Law Group LLP<br>250 Massachusetts Ave. NW, Suite 400<br>Washington, DC 20001<br><br>E-mail: dfox@elias.law<br><br>Phone: (202) 968-1135 | Name: Kristen McDonald Rivet<br><br>Attorney: David R. Fox<br>Address: Elias Law Group LLP<br>250 Massachusetts Ave. NW, Suite 400<br>Washington, DC 20001<br><br>E-mail: dfox@elias.law<br><br>Phone: (202) 968-1135 |

**Signature:** /s/ David R. Fox **Date:** June 25, 2026

**Counsel for:** Petitioners

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on 6/25/2026 by ☐ personal delivery; ☐ mail; ☑ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| Todd Blanche, Acting Attorney General<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>United States Attorney's Office for the District of Columbia<br>601 D Street NW<br>Washington, DC 20530 | |
| Signature: /s/ David R. Fox | Date: June 25, 2026 |

**Exhibit A – Extended Answers**

*Time allowed for filing in Court of Appeals*

60 days, 28 U.S.C. § 2344, "computed from the date upon which public notice is given of orders disposing of all applications for review filed in any case," 47 U.S.C. § 155(c)(7).

*Date of entry of order or judgment appealed*

The Media Bureau's guidance was issued on March 30, 2026. Petitioners filed an Application for Review on April 29, 2026. The FCC has not issued an "order[] disposing of" that Application for Review, so the 60 day period has not yet begun to run.

*If appeal is not from final judgment, why is order appealable?*

Petitioners submit that the Media Bureau's March 30, 2026, Public Notice providing Guidance on Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All Authorized Committees, DA 26-300 (the "LUC Guidance"), and the FCC's constructive denial of their Application for Review of the LUC Guidance, each constitute final orders. But whether they constitute final orders or not, they are reviewable. Petitioners timely filed an Application for Review of the LUC Guidance, and by doing so, Petitioners complied with the only statutory "condition precedent to judicial review" of the Media Bureau's guidance. 47 U.S.C. § 155(c)(7). Alternatively, the Commission's inaction on Petitioners' Application for Review, which stressed the need for expedited consideration in light of the rapidly approaching election season, amounts to a constructive denial of the Application.