**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| SHERROD BROWN, JON OSSOFF, ROY COOPER, and KRISTEN MCDONALD RIVET, | ) ) ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 26-1785 |
| | ) | |
| FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, | ) ) ) ) | |
| Respondents. | ) | |

**OPPOSITION OF FEDERAL COMMUNICATIONS COMMISSION
TO EMERGENCY MOTION TO EXPEDITE**

The Federal Communications Commission opposes petitioners' Emergency Motion to Expedite.  Merits briefing, on any schedule, is unwarranted because—as we explain below and will address more fully in a forthcoming motion to dismiss—this Court lacks jurisdiction to review the challenged staff-level public notice.  We intend to file a motion to dismiss on or before next Wednesday, July 1, 2026.[1]

---

[1] Petitioners have requested a decision on their Emergency Motion to Expedite on that same date.  They base this request on a stated desire to receive a merits decision by September 4, 2026—on which date they predict they will begin experiencing harm from the challenged guidance.  *See* Mot. 3–4.  Fear of months-away harm is not an exigency that should prompt this Court to set a briefing schedule before respondents can explain in full, in our motion to dismiss, the jurisdictional obstacles to this case.

1

Petitioners seek review of a public notice issued by the FCC's Media Bureau in March 2026.  *See* FCC Media Bureau Provides Guidance on Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All Authorized Committees, DA 26-300 (Media Bur. Mar. 30, 2026) (Public Notice). But as the Commission will explain in its motion to dismiss—and as previewed below—the challenged Public Notice is a guidance document issued by the FCC's staff, not a final agency order.  Petitioners themselves implicitly recognized as much when they submitted a pleading to the FCC that they styled as an "application for review" of the staff's guidance by the full Commission.  *See* Mot. 9.

Under the Administrative Orders Review Act, 28 U.S.C. §§ 2341–2353—commonly known as the "Hobbs Act"—this Court's jurisdiction to review FCC actions is limited to "final orders" of the Commission.  28 U.S.C. §§ 2342(1), 2344.  The staff-level guidance document here cannot reasonably be considered "final" under the Supreme Court's test for finality.  *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) ("final" agency action "must mark the 'consummation' of the agency's decisionmaking process," and it "must be one by which 'rights or obligations have been determined' or from which 'legal consequences will flow'"); *see also* 47 U.S.C. § 402(a) (providing for judicial review under the Hobbs Act

2

only of "order[s] of the Commission"—meaning the FCC's "five commissioners appointed by the President," 47 U.S.C. § 154(a)).

Independently, under the Communications Act, when an action is taken by FCC staff on delegated authority, "an application for review" by the full Commission is a "condition precedent to judicial rule of any order, decision, report, or action made or taken pursuant to [the] delegation." 47 U.S.C. § 155(c)(7). Petitioners assert (Mot. 16) that the only statutorily required condition precedent to judicial review of staff-level action is the "filing" of an application for full-Commission review, not a Commission order deciding the application. But other courts have squarely rejected such claims. *See, e.g.*, *Ga. Power Co. v. Teleport Commc'ns Atlanta, Inc.*, 346 F.3d 1047, 1050 (11th Cir. 2003) (rejecting an argument that "the mere filing of [an] application for review by the full FCC satisfies the statutory prerequisite for judicial review in 47 U.S.C. § 155(c)(7)"); *Ala. Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002) ("the Commission must in some way act on the application for review before a party may petition a court of appeals for review"); *Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 387–88 (D.C. Cir. 1999) (per curiam) (rejecting an argument that "the act of filing an application for Commission review satisfies the statutory prerequisite to judicial review, and that petitioners need not await the Commission's decision on review before petitioning [the] court"). Contrary to petitioners' assertion (Mot. 15),

3

moreover, there can be no "constructive[] denial" of an application for review.  The

Communications Act provides that "every such application shall be passed upon by

the Commission."  47 U.S.C. § 155(c)(4).

Thus, under both the Hobbs Act and the Communications Act, "a petition for

review filed after a bureau decision but before resolution by the full Commission is

subject to dismissal as incurably premature."  *Int'l Telecard*, 166 F.3d at 388;

*Richman Bros. Records, Inc. v. FCC*, 124 F.3d 1302, 1304 (D.C. Cir. 1997)

("Congress did not intend that [a] court review a staff decision that has not been

adopted by the Commission itself"); *Council Tree Commc'ns, Inc. v. FCC*, 503

F.3d 284, 287–91 (3d Cir. 2007) (a petition for review filed before entry of a final

FCC order is "incurably premature"); *see also Sierra Club v. U.S. Nuclear Reg.*

*Comm'n*, 825 F.2d 1356, 1359 (9th Cir. 1987) (the 60-day filing window

established by 28 U.S.C. § 2344 "is jurisdictional, and may not be expanded by the

courts," and "[t]his jurisdictional bar also applies to petitions filed before a final

order has been entered").

Because the Court lacks jurisdiction over this case, there is no reason to order expedited briefing.  The Emergency Motion to Expedite should be denied.

Respectfully submitted,

D. Adam Candeub
General Counsel

Sarah E. Citrin
Deputy Associate General Counsel

/s/James M. Carr
James M. Carr
Counsel

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

June 26, 2026

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.   This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

☒      this document contains <u>822</u> words, *or*

☐      this document uses a monospaced typeface and contains _ lines of text.

2.   This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒      this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word in Office 365</u> in <u>14-point Times New Roman</u>, *or*

☐      this document has been prepared in a monospaced spaced typeface using _____ with _____ .

<u>/s/ James M. Carr</u>

James M. Carr
  *Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

## CERTIFICATE OF FILING AND SERVICE

I, James M. Carr, hereby certify that on June 26, 2026, I filed the foregoing Opposition of Federal Communications Commission to Emergency Motion to Expedite with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ James M. Carr*

James M. Carr
 *Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740