**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| SHERROD BROWN, JON OSSOFF, ROY COOPER, and KRISTEN MCDONALD RIVET, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) | No. 26-1785 |
| | ) | |
| FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, | ) ) ) ) | |
| Respondents. | ) | |

**MOTION TO DISMISS**

The Federal Communications Commission moves to dismiss this case for lack of jurisdiction.  Petitioners seek review of a public notice issued by the FCC's Media Bureau that offers guidance regarding the Commission's "lowest unit charge" rules for broadcast political advertising.  *See* Public Notice, FCC Media Bureau Provides Guidance on Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All Authorized Committees, DA 26-300 (Media Bur. Mar. 30, 2026) (Public Notice).  For the reasons discussed below, the Public Notice—which was issued by the FCC's staff—is not a final Commission order subject to review under 28 U.S.C. § 2342(1) and 47 U.S.C. § 402(a).  Therefore, this Court lacks jurisdiction, and the case should be dismissed.

**BACKGROUND**

The Communications Act generally provides that "during the forty-five days preceding the date of a primary or primary runoff election and during the sixty days preceding the date of a general or special election," the "charges made for the use of any broadcasting station" by any "legally qualified candidate" for office "in connection with" the candidate's election campaign "shall not exceed … the lowest unit charge of the station for the same class and amount of time for the same period." 47 U.S.C. § 315(b)(1)(A). This provision "establishes a limit on the amount that a broadcast station may charge a political candidate for campaign advertisements." *Miller v. FCC*, 66 F.3d 1140, 1141 (11th Cir. 1995). The FCC has adopted a rule to implement the Act's "lowest unit charge" provision. *See* 47 C.F.R. § 73.1942(a)(1).

On March 30, 2026, in anticipation of the upcoming election season, the FCC's Media Bureau issued a Public Notice to provide guidance on the application of the lowest unit charge requirements. The Bureau stated that those requirements "are applicable to (1) authorized committees, including authorized committees that engage in joint fundraising with legally qualified candidates for federal office, and (2) advertisements that qualify as coordinated expenditures of political parties and legally qualified candidates for federal office." Public Notice at 1.

The Bureau explained that while section 73.1942 of the FCC's rules "makes no reference to a legally qualified candidate's 'authorized committee,' section 315(b) of the Communications Act … repeatedly refers to candidates and their authorized committees as sharing the rights it confers." *Ibid*.  The Bureau noted that section 315(b)(2)(F) of the Act "explicitly defines the term 'authorized committee' as having the same meaning given to it by the Federal Election Campaign Act (FECA)." *Ibid*.; *see* 47 U.S.C. § 315(b)(2)(F).  The FECA defines "authorized committee" to mean "the principal campaign committee or any other political committee authorized by a candidate" under 52 U.S.C. § 30102(e)(1) "to receive contributions or make expenditures on behalf of such candidate."  52 U.S.C. § 30101(6).

The Bureau further observed that "although the FECA generally prohibits" candidates from designating "as an authorized committee a political committee that supports more than one candidate, it provides an exception to allow candidates to designate as an authorized committee a political committee 'established solely for the purpose of joint fundraising.'"  Public Notice at 1-2 (quoting 52 U.S.C. § 30102(e)(3)(A)(ii)).  The Bureau explained that for purposes of the lowest unit charge requirements, the FCC's rules do not distinguish between types of committees "(*e.g.*, principal campaign committee, joint fundraising committee)

3

provided that the committee is an authorized committee of the candidate under the FECA." *Id*. at 2.

Finally, the Bureau said that "candidate-party coordinated advertisements are subject to" the lowest unit charge requirements, "provided that the ad otherwise complies with other applicable requirements in section 73.1942 of the Commission's rules and section 315(b) of the Act." *Ibid*.

Petitioners are four candidates for federal office in the 2026 election. Three of them are running for the United States Senate; the fourth is a candidate for the United States House of Representatives. On April 29, 2026, petitioners filed with the FCC an application for review of the Bureau's Public Notice. They asked the full Commission to "set aside" the Bureau's guidance "and explain that only candidates and their principal campaign committees are entitled to lowest unit charge." App. for Review at 19. The Commission has not yet ruled on the application for review.

On June 22, 2026, petitioners filed a petition for review of the Bureau's Public Notice in this Court, invoking the Court's jurisdiction under 47 U.S.C. § 402(a) and 28 U.S.C. § 2342(1). Petitioners asserted that their petition for review was "timely filed under 28 U.S.C. § 2344 and 47 U.S.C. § 155(c)(7) because the sixty-day period under § 2344 has not even begun to run as the FCC has not yet issued a public notice disposing of the Application for Review." Pet.

for Review at 2.  Petitioners also claimed that "the Commission's silence" on their application for review "amounts to a constructive denial" of the application.  Pet. for Review at 4.

## ARGUMENT

This Court's jurisdiction to review FCC orders is limited to "final" orders "of the Commission."  *See* 28 U.S.C. §§ 2342(1), 2344; 47 U.S.C. § 402(a).  The Public Notice that petitioners ask the Court to review is neither "final" nor an order "of the Commission."  Consequently, the Court lacks jurisdiction, and the petition for review should be dismissed.[1]

### I.    The Public Notice Is Not "Final"

The Public Notice at issue here—a staff-level guidance document—cannot reasonably be considered "final" under the Supreme Court's test for finality.  *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) ("final" agency action "must mark the 'consummation' of the agency's decisionmaking process," and it "must be one

---

[1] It is also not clear from the petition for review whether petitioners have alleged the sort of concrete, particularized injury-in-fact necessary to demonstrate Article III standing.  *See Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022).  In the application for review filed with the Commission, petitioners asserted that the Public Notice will effectively dilute their message by allowing "non-candidate" political committees authorized by their opponents to qualify for lowest unit charge.  App. for Review at 17-19.  But the Public Notice also ensures that committees authorized by petitioners will be able to obtain advertising at the lowest unit charge.  It thus remains to be seen whether petitioners will suffer any discernible injury from the Public Notice.

5

by which 'rights or obligations have been determined' or from which 'legal consequences will flow'"). As the Supreme Court has observed, "a motion to reconsider" an agency order "renders" the order "nonfinal for purposes of judicial review," and "a party who has sought rehearing" from the agency "cannot seek judicial review until the rehearing has concluded." *Stone v. INS*, 514 U.S. 386, 392 (1995); *see also Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curiam) ("[o]ngoing agency review renders an order nonfinal for purposes of judicial review"); *Ga. Power Co. v. Teleport Commc'ns Atlanta, Inc.*, 346 F.3d 1047, 1050 (11th Cir. 2003).

## II.    The Public Notice Is Not A "Commission" Order

The Media Bureau's Public Notice falls outside this Court's jurisdiction not only because it is nonfinal, but also because it is not an order of the Commission. The Communications Act defines "the Commission" as the "five commissioners appointed by the President." 47 U.S.C. § 154(a). An action taken by FCC staff on delegated authority pursuant to 47 U.S.C. § 155(c)(1)—such as the Bureau's Public Notice—is not an "order of the Commission" subject to judicial review, 47 U.S.C. § 402(a), because it is not an order adopted by the full Commission.

The Communications Act makes clear that "Congress did not intend that [a] court review a staff decision that has not been adopted by the Commission itself." *Int'l Telecard*, 166 F.3d at 388 (quoting *Richman Bros. Records v. FCC*, 124 F.3d

6

1302, 1304 (D.C. Cir. 1997)).  Section 5(c)(7) of the Act "makes the filing of an application for review by the Commission 'a condition precedent to judicial review' of a decision taken pursuant to delegated authority."  *Richman Bros. Records*, 124 F.3d at 1303 (quoting 47 U.S.C. § 155(c)(7)).  That provision also states:  "The time within which a petition for review must be filed in a proceeding to which [47 U.S.C. § 402(a)] applies … shall be computed from the date upon which public notice is given of *orders disposing of all applications for review* filed in any case."  47 U.S.C. § 155(c)(7) (emphasis added).

As the statute plainly indicates, "the Commission must in some way act on [an] application for review" of a Bureau decision "before a party may petition a court of appeals for review."  *Ala. Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002).  Contrary to petitioners' assertion (Pet. for Review at 3-4), the "mere act of filing an application" for review "alone does not satisfy the jurisdictional prerequisite" of 47 U.S.C. § 155(c)(7).  *Ala. Power*, 311 F.3d at 1366.  The courts have repeatedly rejected the notion that "petitioners need not await the Commission's decision on [their application for] review before petitioning" for judicial review.  *Int'l Telecard*, 166 F.3d at 387-88.  Petitioners "must give the Commission an opportunity to issue a final decision; otherwise, the statutory prerequisite would be rendered useless."  *Ala. Power*, 311 F.3d at 1366.  Simply

put, "[w]ithout an order from the full FCC," petitioners "cannot petition this Court for review" of the Bureau's Public Notice. *Ga. Power*, 346 F.3d at 1050.

Petitioners acknowledge that "the sixty-day period" for filing petitions for review "under [28 U.S.C.] § 2344 has not even begun to run" because "the FCC has not yet issued a public notice disposing of the Application for Review." Pet. for Review at 2. That concession is fatal to their claim that the Court has jurisdiction.

As then-Judge Scalia explained in 1985, the sixty-day "filing window" established by 28 U.S.C § 2344 "is jurisdictional in nature, and may not be enlarged or altered by the courts." *W. Union Tel. Co. v. FCC*, 773 F.2d 375, 377 (D.C. Cir. 1985) (cleaned up). Under that statute, petitions for review must be filed "within 60 days after … entry" of a final agency order. 28 U.S.C. § 2344. The Communications Act specifies that when an application for review has been filed with the FCC, the 60-day period "within which a petition for [judicial] review must be filed" does not commence until "public notice is given of orders disposing of all applications for review" in the administrative proceeding. 47 U.S.C. § 155(c)(7). Any petitions filed outside the 60-day filing window—including petitions filed before the window opens—must be dismissed for lack of jurisdiction. *W. Union*, 773 F.2d at 378 (28 U.S.C. § 2344 "imposes a jurisdictional bar to judicial consideration of petitions filed prior to entry" of a final agency order); *see also*

8

*Sierra Club v. U.S. Nuclear Reg. Comm'n*, 825 F.2d 1356, 1359 (9th Cir. 1987). Because the petition for review in this case was filed before entry of a final Commission order, it is "incurably premature" and must be dismissed. *See NTCH, Inc. v. FCC*, 877 F.3d 408, 412 (D.C. Cir. 2017) (quoting *Int'l Telecard*, 166 F.3d at 388)); *Council Tree Commc'ns, Inc. v. FCC*, 503 F.3d 284, 287-91 (3d Cir. 2007); *Ga. Power*, 346 F.3d at 1050-51; *Ala. Power*, 311 F.3d at 1366.

Petitioners contend that "further exhaustion" of its administrative remedies "would be futile" in this case. Pet. for Review at 4. But petitioners' application has been pending for only two months. In any event, this Court "cannot waive an exhaustion requirement on the basis of futility where Congress specifically mandates exhaustion, as it did in [47 U.S.C.] § 155(c)(7)." *Ga. Power*, 346 F.3d at 1050; *see also Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *Fones4All Corp. v. FCC*, 550 F.3d 811, 818 (9th Cir. 2008). Congress provided for no exceptions to the statutory exhaustion requirement in this case. Under 47 U.S.C. § 155(c)(7), the period within which petitions for review must be filed does not begin until petitioners have fully exhausted their administrative remedies and "public notice is given of" an order by the full Commission "disposing of" their application for review. In this context, there is no such thing as a "constructive denial." Pet. for Review at 4. Until the Commission issues an order addressing the application for review, there is no final Commission order for this Court to review.

9

## CONCLUSION

The Court should dismiss this case for lack of jurisdiction.

Respectfully submitted,


D. Adam Candeub
General Counsel


Jacob M. Lewis
Associate General Counsel


Sarah E. Citrin
Deputy Associate General Counsel


/s/James M. Carr
Counsel

Federal Communications Commission
Washington, DC  20554
(202) 418-1762

July 1, 2026

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.  This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒    this document contains 2,051 words, *or*

    ☐    this document uses a monospaced typeface and contains _ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒    this document has been prepared in a proportionally spaced typeface using Microsoft Word in Office 365 in 14-point Times New Roman, *or*

    ☐    this document has been prepared in a monospaced spaced typeface using _____ with _____.


*/s/ James M. Carr*

James M. Carr
 *Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

**CERTIFICATE OF FILING AND SERVICE**

I, James M. Carr, hereby certify that on July 1, 2026, I filed the foregoing

Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals

for the Fourth Circuit using the electronic CM/ECF system. Participants in the case

who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ James M. Carr*

James M. Carr
 *Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740