No. 26-1785

# United States Court of Appeals
# for the Fourth Circuit

SHERROD BROWN, JON OSSOFF, ROY COOPER,
AND KRISTEN MCDONALD RIVET,

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION
AND UNITED STATES OF AMERICA,

*Respondents,*

&

NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, AND
NATIONAL REPUBLICAN SENATORIAL COMMITTEE,

*Intervenors.*

On Appeal from the
Federal Communications Commission
DA 26-300

## UNOPPOSED MOTION OF INTERVENORS NRCC AND NRCC FOR LEAVE TO FILE SEPARATE BRIEF

Thomas R. McCarthy
David L. Rosenthal
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com

July 8, 2026

*Counsel for Intervenors
NRCC and NRSC*

## INTERVENORS' MOTION FOR LEAVE TO FILE A SEPARATE BRIEF

Intervenors National Republican Congressional Committee and National Republican Senatorial Committee seek leave to file a separate brief from Respondents FCC and the United States of no more than 6,500 words. Petitioners take no position on the motion and the Federal Respondents consent. If the Court grants the motion, Intervenors and the Federal Respondents agree that Petitioners should be allotted 10,000 words for their reply brief.

Good cause exists for the Court to grant Intervenors leave to file a separate brief. As the rules authorizing intervention reflect, a party has the right to participate as an intervenor if it has an "interest" in the action that could be "impaired" by an adverse decision and is not "adequately represented by existing parties." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (cleaned up). That same rationale supports Intervenors' request to file a separate brief here. Intervenors' "partisan" interests easily distinguish them from the Federal Respondents "public interests." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 309 (5th Cir. 2022) (allowing "[s]everal committees associated with the Republican Party" to participate as intervenor-defendants). Unlike the Federal Respondents, Intervenors are *regulated parties* defending their partisan and political interests that the FCC, as the *regulator*, can't possibly share. Intervenors thus have a separate

2

interest from the Federal Respondents, demonstrating good cause for Intervenors to separately address their interests.

Based on their unique interest and position as regulated parties, Intervenors' separate brief will aid the Court's consideration of the issues. *See United States v. Ali*, 735 F.3d 176, 192 (4th Cir. 2013) (recognizing that "the court clearly ha[s] broad discretion to manage the docket" in a way that furthers judicial economy and aids in its consideration of the issues). As regulated parties, Intervenors uniquely can speak to how FCC regulation interacts with political advertising, as well as how the lowest unit charge is implemented in practice. And Petitioners target both the NRCC and NRSC by name throughout their opening brief. *E.g.*, Dkt. 22-1, at 12-13, 25-26. Only Intervenors can speak for themselves in response to Petitioners' claims, making a separate response brief particularly useful in this case.

Additionally, no party will be prejudiced by Intervenors' separate brief. The Federal Respondents consent to the relief requested and agree that the United States does not intend to file a separate brief from the FCC. Petitioners recognize this as well and take no position on the motion. *See, e.g.*, <u>Hussain v. Gonzales</u>, 477 F.3d 153, 156 (4th Cir. 2007) (explaining that if a party "does not file a response to a motion, it is deemed unopposed"). Accordingly, the motion is left unopposed and ripe for immediate resolution.

A separate brief also remains consistent with judicial economy in this case. Intervenors will abide by the Court's expedited briefing schedule and file their separate brief on July 20—the same day that the Federal Respondents' response brief is due. *See* Dkt. 15. So a separate brief will not delay any proceedings or upset the expedited briefing schedule set by this Court. Intervenors agree to limit their brief to no more than 6,500 words, considered separately from the Federal Respondents' brief for purposes of compliance with the word limits of Federal Rule of Appellate Procedure 32(a)(7)(B)(i). Intervenors keep this request modest by seeking only the number of words permitted for an amicus brief at this stage. *See* Fed. R. App. Pro. 29(a)(5).

Upon obtaining leave for Intervenors to file a separate brief, the Federal Respondents and Intervenors agree to permit Respondents to file an enlarged reply brief of no more than 10,000 words. *See* Fed. R. App. Pro. 32(a)(7)(B)(ii). This process will allow the parties to fully and efficiently address the issues pending before the Court.

## CONCLUSION

For these reasons, the Court should grant Intervenors' unopposed motion for leave to file a separate brief.

4

5

Respectfully submitted,

*/s/ Thomas R. McCarthy*

Thomas R. McCarthy
David L. Rosenthal
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com

July 8, 2026

*Counsel for Intervenors*
*NRCC and NRSC*

## COMBINED CERTIFICATIONS

In accordance with the Federal Rules of Appellate Procedure and the Local Rules of this Court, I certify the following:

1. I am a member in good standing of the Bar of this Court.

2. This brief complies with the type-volume limitations of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B) because it contains 643 words, excluding the parts exempted by Fed. R. App. P. 32(f).

3. This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (a)(6) because it has been prepared using Microsoft Word in 14-point Palatino.

4. The text of the electronic brief is identical to the text in the paper copies.

5. The electronic file containing the brief was scanned for viruses using the most recent version of a commercial virus scanning program, and no virus was detected.

Dated: July 8, 2026

/s/ Thomas R. McCarthy
Thomas R. McCarthy
*Counsel for Intervenors*
*NRCC and NRSC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, this brief was electronically filed with the Clerk of Court using the appellate CM/ECF system, which will provide notice and service on counsel for all parties.

Dated: July 8, 2026

/s/ *Thomas R. McCarthy*
Thomas R. McCarthy
*Counsel for Intervenors*
*NRCC and NRSC*