**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All Authorized Committees | ) ) ) |

## ORDER ON RECONSIDERATION

**Adopted: August 13, 2026** **Released: August 13, 2026**

By the Acting Chief, Media Bureau:

## I. INTRODUCTION

1. In this *Order on Reconsideration*, we consider a petition from the Television Bureau of Advertising, Inc. (TVB) for reconsideration of the Media Bureau's March 2026 public notice reminding broadcasters and the public about the FCC's "lowest unit charge" (LUC) requirements.[1] For the reasons stated below, we dismiss TVB's request for reconsideration.[2]

2. First, TVB argues that the Bureau's Public Notice broke new substantive ground, and their Petition thus seeks reconsideration of what they contend is a new and final agency action. As explained below, however, that premise is incorrect. The Public Notice merely reminds the public, going into an election season, of the agency's longstanding and previous decisions regarding the scope of LUC obligations. It simply collects in one place prior FCC orders and other relevant authority so that a wide range of stakeholders can be aware of existing law. Such a reminder is not a decision or action that can be challenged through a petition for reconsideration.

3. Second, and given the above, insofar as TVB's Petition takes issue with prior agency guidance, the time for challenging that prior guidance has passed.[3] Moreover, there is nothing in the Public Notice that reopened those issues or underlying guidance sufficient to provide TVB with a right to challenge them through a petition for reconsideration of the Public Notice. Likewise, insofar as TVB appears to take issue with the longstanding definition of "authorized committee," which comes from 52 U.S.C. §§ 30101-30102, they are seeking the wrong type of relief in the wrong forum. Changing that definition is an issue for Congress, or the Federal Election Commission (FEC) through its implementing rules, to decide.

4. Third, we note that existing industry practice comports with the FCC's existing interpretations of the LUC requirements. This further confirms that the Public Notice broke no new ground; it did not change the status quo. As always, if there are particular instances in which a party

---

[1] *FCC Media Bureau Provides Guidance on Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All Authorized Committees*, Public Notice, DA 26-300, 2026 WL 1013722 (MB Mar. 30, 2026) (Public Notice); Petition for Reconsideration or, In the Alternative, for Declaratory Ruling of the Television Bureau of Advertising, Inc. (Apr. 29, 2026) (Petition).

[2] We defer action on TVB's alternative request for a declaratory ruling and do not address it in this *Order on Reconsideration*.

[3] As indicated elsewhere in this document, parties can challenge the application vel non of the LUC in a particular case based on particular facts.

wishes to challenge a station's application of the LUC in a specific case, the agency can adjudicate those disputes on a case-by-case basis consistent with FCC precedent.[4]

## II. BACKGROUND

5. Under section 315(b) of the Communications Act, during the period immediately preceding an election, any "use" of broadcast airtime for campaign advertisements "by any person who is a legally qualified candidate for any public office" must receive the "lowest unit charge" that the station offers for that airtime.[5] The statute directs the Commission to "prescribe appropriate rules and regulations to carry out" that requirement.[6] The Commission has accordingly implemented section 315(b) of the Act in section 73.1942 of its rules,[7] and in various other rules and orders.[8]

6. Neither section 315 of the Act nor section 73.1942 of the Commission's rules specifies what "use" of broadcast airtime "by" a candidate entails. But as TVB repeatedly acknowledges, the Commission and industry have long recognized the Commission that the LUC entitlement extends to both candidates and their principal campaign committees.[9] And previous Media Bureau guidance, in response to informal inquiries from regulated parties, has established candidate-party coordinated advertisements as eligible for the LUC rate.

7. In the Public Notice, the Bureau broke no new ground. Rather, consistent with the longstanding, undisputed recognition that principal campaign committees are eligible for the LUC, and with section 315(b)(2)(F) of the Act, the Bureau explained that "[t]o determine what qualifies as an authorized committee," the Commission is bound by the meaning given that term by the Federal Election Campaign Act (FECA).[10] Accordingly, the Bureau stated that "joint fundraising committee[s]"—committees authorized to raise funds jointly with other candidates, committees, or organizations—are entitled to the LUC rate when purchasing airtime for use by a participating candidate.[11]

8. In addition, the Public Notice includes a reminder that "candidate-party coordinated ads," in which a candidate uses airtime jointly with his or her political party's national or state committee to broadcast "advertisements that qualify as coordinated expenditures of political parties and legally qualified candidates for federal office," are entitled to the LUC.[12]

9. In the Petition, TVB asserts that "[f]or more than five decades, broadcasters, candidates, parties, [Political Action Committees], and other participants in the political advertising marketplace all understood, under the Act and FCC rules, that only a candidate and their singular designated principal campaign committee were entitled to the LUC."[13] On this premise, TVB contends that the Public Notice

---

[4] *See Exclusive Jurisdiction With Respect To Violations of the Lowest Unit Charge Requirements of Section 315(b) of the Communications Act of 1934, As Amended*, 6 FCC Rcd 7511, 7513-14, paras. 21-26 (1991) (outlining complaint procedures).

[5] 47 U.S.C. § 315(b).

[6] *Id.* § 315(d).

[7] 47 CFR 73.1942.

[8] *E.g.*, *id.* § 76.206; *The Law of Political Broadcasting & Cablecasting: Political Primer*, Update to 1978 Public Notice and Primer, 100 F.C.C.2d 1476 (1984) (*Political Primer*); *Codification of the Commission's Political Programming Policies*, Memorandum Opinion and Order, 7 FCC Rcd 4611 (1992) (*1992 Political Programming Order*), *reconsideration granted*, Memorandum Opinion and Order, 9 FCC Rcd 651 (1994).

[9] *See, e.g.*, Pet. at 2, 4 (recognizing that principal campaign committees are eligible for the LUC).

[10] Public Notice, at 1 (citing 47 U.S.C. § 315(b)(2)(F)).

[11] *Id.* at 2.

[12] *Id.* at 1-2.

[13] Pet. at 4.

"set[s] forth new substantive LUC requirements" without notice and comment required under the Administrative Procedure Act, and otherwise violates the Constitution and federal law.[14]

## III. DISCUSSION

10. The central premise of TVB's Petition—that the Public Notice announces "new political broadcasting requirements" that would "upend" existing practice[15]—is wrong many times over.

11. As an initial matter, the Public Notice does not adopt any new rules or requirements. Instead, it simply "remind[s] broadcasters and the public" about the FCC's existing LUC requirements and "restate[s] previous Media Bureau guidance," to ensure that broadcasters and the public are aware, going into an election season, of how the FCC has previously interpreted the LUC requirements.[16] The FCC routinely provides these types of reminders. Therefore, we dismiss the Petition because the Public Notice is not the type of action that can be challenged through a petition for reconsideration.

12. TVB's real issue appears to be with past agency guidance. But the time for filing petitions for reconsideration or otherwise challenging earlier guidance has long since passed. Moreover, there is nothing in the Public Notice that reopens or otherwise creates a new opportunity to challenge the agency's prior determinations. TVB's Petition is thus an untimely attempt to challenge prior agency actions.[17]

13. In addition, the underlying LUC requirements established in law and in prior FCC guidance comport with existing industry practice. This confirms that the Public Notice broke no new ground, but merely summarized the status quo.

14. <u>Candidate-party coordinated ads</u>. The Public Notice's discussion of candidate-party coordinated ads takes no new action and breaks no new ground, but merely "restate[s] previous Media Bureau guidance regarding LUC eligibility."[18] Indeed, contrary to TVB's unsupported assertion, the prevailing practice among broadcasters has been to make the LUC available for party-coordinated ads for well over a decade. That practice is reflected in the National Association of Broadcasters' *Political Broadcasting Handbook* (formerly known as the *Political Broadcasting Catechism*), which recognizes that "[t]he national political parties and their campaign committee[s] have limited 'hard money' funds; ads paid for from those funds can be coordinated with a federal candidate and would, if they are, be entitled to the LUC."[19]

15. <u>Joint Fundraising Committees</u>. The Public Notice also correctly recognizes that the Commission has long treated "both candidates and their authorized campaign committees" as eligible for the LUC.[20] TVB does not dispute this, but contends that only the "designated principal campaign committee" can be an LUC-eligible "authorized committee."[21]

---

[14] *Id.* at 13; *see generally* Petition at 2-24.

[15] *Id.* at 4, 13.

[16] Public Notice at 1-2.

[17] Notably, too, the Commission would be afforded deference to reasonable interpretations of its own rules under *Kisor v. Wilkie*, 588 U.S. 558 (2019), which was not overturned by *Loper Bright Enterprise v. Raimondo*, 603 U.S. 369 (2024).

[18] *Id.* at 2. That these prior rulings have largely taken the form of informal oral opinions, *see Political Primer* at 1478, para. 5, does not change the fact that the *Public Notice* did no more than restate past guidance and took no new action.

[19] Nat'l Ass'n of Broads., *Political Broadcasting Catechism* 36 (18th ed. 2014); *accord* Nat'l Ass'n of Broads., *Political Broadcasting Handbook* 19 (19th ed. 2024).

[20] *Id.* at 1.

[21] Pet. at 21.

16. The Public Notice makes plain why that is wrong. Subsection 315(b)(2)(F) of the Act "explicitly defines the term 'authorized committee' as having the same meaning" assigned by FECA.[22] The Commission is thus bound to apply FECA's definition of "authorized committee" when interpreting the LUC requirement.[23] And Joint Fundraising Committees are "authorized committees" under FECA.[24] TVB appears to take issue with the longstanding definition of "authorized committee," which comes from 52 U.S.C. §§ 30101-30102. But once again, a petition for reconsideration of the Public Notice is not the right vehicle for the relief that TVB seeks. If TVB wants to change the definition of "authorized committee," then it must ask Congress to amend section 30101 of FECA, or the FEC to amend its implementing rules. In the meantime, the FCC is obligated to follow FECA as Congress has enacted it and the FEC implements it.

17. In acknowledging that the governing definition of "authorized committee" extends to Joint Fundraising Committees, the Public Notice does not expand the "universe" of committees eligible for the LUC, as TVB contends. Although it is true that Joint Fundraising Committees are a relatively new type of authorized committee, the existing practice of broadcasters with respect to these committees has been to regard them as eligible for the LUC, consistent with the Public Notice.[25] In any event, if parties wish to change the definition of "authorized committee," they must ask Congress to amend FECA.

18. Finally, we take this opportunity to remind the public that any disputes regarding application of the LUC in any specific instance can be adjudicated by the FCC on a case-by-case basis, consistent with agency's precedent and practice.[26]

## IV. ORDERING CLAUSES

19. For the foregoing reasons, and to the extent set forth above,[27] **IT IS ORDERED** that, pursuant to Section 405 of the Communications Act of 1934, as amended, 47 U.S.C. § 405, and section 1.106 of the Commission's rules, 47 CFR § 1.106, the Petition for Reconsideration dated April 29, 2026, by the Television Bureau of Advertising, Inc., is **DISMISSED**.

20. **IT IS FURTHER ORDERED** that this Order on Reconsideration **SHALL BE EFFECTIVE** upon release.

FEDERAL COMMUNICATIONS COMMISSION

Alexander Sanjenis
Acting Chief, Media Bureau

---

[22] Public Notice at 1 (citing 47 U.S.C. § 315(b)(2)(F)).

[23] *Id.* at 1-2.

[24] *See* 52 U.S.C. § 30102(e)(3)(A)(ii): *see also id.* § 30101(6) ("The term 'authorized committee' means the principal campaign committee or any other political committee authorized by a candidate under section 30102(e)(1) . . . to receive contributions or make expenditures on behalf of such candidate."); *id.* § 30102(e)(1).

[25] *See* Br. of Intervenors NRCC & NRSC, *Brown v. FCC*, No. 26-1785 (4th Cir. filed July 20, 2026); Br. of Nat'l Media Rsch. Planning & Placement et al., *Brown v. FCC*, No. 26-1785 (4th Cir. filed July 24 , 2026).

[26] *See supra* notes 3, 4.

[27] As noted, *see supra* note 2, we defer action on TVB's alternative request for a declaratory ruling.