Consovoy McCarthy PLLC

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

August 18, 2026

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re: *Sherrod Brown, et al. v. FCC & USA*, No. 26-1785 (argued Aug. 7, 2026)

Dear Ms. Anowi:

Intervenors write to further explain why the developments noted in the FCC's letter do not change anything. The Court lacks jurisdiction.

The Court lacks jurisdiction to review the Public Notice because a reminder of longstanding guidance does not meet the statutory definition of an "agency action." *Hearst Radio v. FCC*, 167 F.2d 225, 227 (D.C. Cir. 1948). As the Media Bureau explained, the Public Notice treads no new ground. Doc.63-2. On top of that, Petitioner's challenge to that notice "is incurably premature." *TeleSTAR, Inc. v. FCC*, 888 F.2d 132, 134 (D.C. Cir. 1989). While Petitioners may challenge the full Commission's forthcoming order, *see id.* ("[T]o cure the defect, the challenging party must file a new … petition for review from the now-final agency order."), the reviewing court would be limited to assessing the merits of that decision—*i.e.*, not the merits of the LUC rule, but whether the Public Notice is subject to Commission review. *NTCH, Inc. v. FCC*, 877 F.3d 408, 414 (D.C. Cir. 2017) (limiting review to the threshold question of exhaustion, "without jurisdiction to consider this case on the merits").

As the FCC noted in its letter the LUC rule has been in full force this primary season. Which means that candidate-party coordinated ads and JFC ads have already gotten and are getting the LUC rate this election season. In New Hampshire, for instance, a candidate-party coordinate advertisement for Senate candidate John Sununu received the same LUC rate for the same advertisement class as an identical purchase by candidate Chris Pappas'

campaign committee.[1] As Intervenors have explained throughout this case, it's simply business as usual for broadcasters who are offering the LUC across the country this primary season, as they always have. The Court should dismiss the petition and certainly should not change the LUC rules midstream during election season.

Respectfully submitted,

*/s/ Thomas R. McCarthy*

Thomas R. McCarthy
David L. Rosenthal
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com

*Counsel for Intervenors*
*NRCC and NRSC*

cc: All counsel (via CM/ECF)

---

[1] *Compare* FCC Political File, NRSC/Sununu/R/US Senate (Aug. 10, 2026), perma.cc/E5RY-3B8W, *with* FCC Political File, Pappas/D/US Senate (Aug. 10, 2026), perma.cc/K6TT-DHWX (first entry of each record shows identical orders at $600 for 30-second pre-emptible with notice ads during WMUR's 5 a.m. Daybreak show).