ELIAS
LAW
GROUP

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

August 19, 2026

Ms. Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 500
Richmond, VA 23219

**Re: *Sherrod Brown, et al. v. FCC*, No. 26-1785 (argued Aug. 7, 2026)**

Dear Clerk Anowi:

Respondents' August 17 letter, Doc. 63-1, confirms that judicial review is proper; further administrative review is futile; and Respondents' merits argument is weak.

The Media Bureau's denial of TVB's reconsideration petition only confirms the futility of further agency review. It turns on the assertion that the LUC Guidance reaffirmed existing guidance, but it again fails to cite such guidance other than unspecified oral "response[s] to informal inquiries." Doc. 63-2 at 2. It says lowest unit charge can be adjudicated on a case-by-case basis, *id.* at 4, but the rules articulated in the LUC Guidance will control in such adjudications, and Petitioners cannot challenge a broadcaster's offer of lowest unit charge to their opponents through that process.

The existence of a draft proposed order denying Petitioners' Application for Review likewise confirms additional agency review is futile. The dismissal, too, would apparently turn on the unsupported assertion that the LUC Guidance reaffirms unspecified oral guidance. But nothing in the Communications Act justifies denial on that basis. *See* 47 U.S.C. § 155(c)(4) ("[E]very such application shall be passed upon by the Commission.").

Whatever the reason for denial, a final Commission order would only confirm the Court's jurisdiction. *See id.* §§155(c)(7), 405(a). If the Commission acts before the Court rules, Petitioners will file a second, protective Petition for Review to eliminate any doubt, and will request consolidation with this case and a decision on the existing briefing and argument. Such a Petition would encompass the LUC Guidance's merits. *See id.* § 155(c)(7) (authorizing "judicial review *of any … action* made or taken pursuant to" delegated authority). Intervenors cite *NTCH Inc. v. FCC*, 877 F.3d 408, 414 (D.C. Cir. 2017), but it is not to the contrary—it involved "failure to seek Commission review," not a Commission ruling that such review was unavailable.[1]

Very truly yours,

/s/ *David R. Fox*
David R. Fox
Nicole E. Wittstein
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 948-1135
dfox@elias.law
nwittstein@elias.law

*Counsel for Petitioners Sherrod Brown, Jon Ossoff, Roy Cooper, & Kristen McDonald Rivet*

cc: All counsel (via CM/ECF)

---

[1] Intervenors say that candidate-party coordinated and JFC ads already "are getting the LUC rate this election season." Doc. 64 at 1. But Petitioners' primary elections are over, and LUC will not be available for *general election* advertising until September 4, 60 days before election day.